No. 72–1659. PATRICK *v.* FIELD RESEARCH CORP. ET AL. Ct. App. Cal., 1st App. Dist. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

This case involves a libel suit based on statements made in the heat of the vigorous 1966 campaign for the office of Governor of California. Respondents published a poll indicating that, of the candidates in the Republican primary, petitioner was favored by only 1% of the voters. Petitioner responded by saying that he believed, based on reports from a reliable source, that the poll was corrupt, dishonest, and rigged as a result of a bribe paid by one of the other candidates. Respondents instituted a libel action and recovered $300,000 in damages.

Respondents concede public figure status and the libel award is thus based on the "malice" with which petitioner made the statements. See *Rosenbloom* v. *Metromedia,* 403 U. S. 29; *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130; *New York Times Co.* v. *Sullivan,* 376 U. S. 254. But "[t]he requirement that malice be proved provides

at best an evanescent protection for the right critically to discuss public affairs and certainly does not measure up to the sturdy safeguard embodied in the First Amendment." *New York Times Co.* v. *Sullivan, supra,* at 293 (Black, J., concurring). In my opinion the First Amendment prohibits the use of civil libel laws to impose damages for the discussion of public affairs or criticism of public figures, and this prohibition is in no way dependent upon the results of uncertain speculation as to the "malicious" mental state of the speaker. Freedom of speech does not admit of differentiation limiting its applicability to those possessed of judicially approved states of mind.

I would grant this petition and reverse the judgment below.